IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ERNEST SANDERS, Register No. 522166, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4058-CV-C-SOW |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Ernest Sanders, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

On June 24, 2008, plaintiff filed a motion for judgment on the pleadings, citing he has been denied rehabilitative opportunities, in the form of a job while in prison, in violation of his constitutional rights. Plaintiff also alleges such denial is a result of defendants' retaliation against him for filing grievances on the issue of his being denied rehabilitative opportunities.

Defendants filed a response, citing plaintiff's motion as premature in that the pleadings were still open because no answer had been filed and that a motion to dismiss was pending before the court.

Upon review, plaintiff's motion for judgment on the pleadings should be denied, without prejudice, as premature.

On July 1, 2008, defendants Dave Dormire, Arthur Wood, and Mark Schreiber filed a motion to dismiss plaintiff's claims against them, citing plaintiff's failure to state a claim of retaliation, the only remaining claim in the case. Plaintiff has filed suggestions in opposition and several additional filings.

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief can be granted. When ruling a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

An inmate claiming retaliation is required to meet the substantial burden of proving the actual motivating factor for adverse action was, in fact, retaliation. Sisneros v. Nix, 95 F.3d 749, 752 (8th Cir. 1996). Thus, for plaintiff to prevail on a retaliation claim, he must prove that he would not have been denied a prison job since 2003 but for defendants' retaliation against him for filing grievances. See Goff v. Burton, 91 F.3d 1188 (8th Cir. 1996) (to prevail on retaliation claim that he was transferred in retaliation for the exercise of a constitutional right, a prisoner must prove that but for his legal actions against the prison, he would not have been transferred). See also Foster v. Delo, 130 F.3d 307 (8th Cir. 1997) (inmate must produce evidence that defendant's actions would not have occurred but for the motive or retaliation for inmate's filing of numerous lawsuits against prison officials). "[I]f the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." Henderson v.

Baird, 29 F.3d 464, 469 (8th Cir. 2001). See also Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) ("no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner is not entitled to perform"). However, plaintiff need not prove an independent injury if he is able to prove he was denied a job in retaliation for filing grievances. Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998).

Plaintiff's allegations that he received a conduct violation on September 13, 2003, and was fired from his prison job for stealing, and has subsequently been denied a job at the prison fail to state a claim of retaliation for two reasons. First, plaintiff's allegation that he first filed a grievance on March 29, 2004, is counter to his allegation that he is unemployed as a result of his filing grievances. Plaintiff cannot allege retaliation when the alleged violation of his constitutional rights occurred on September 13, 2003, prior to his filing his first grievance on March 29, 2004.

Second, plaintiff's own complaint and attached filings indicate he has been unemployed because he was fired for stealing in 2003, and that this was his third theft involving his work site. The May 11, 2006 Grievance Appeal Response attached to plaintiff's complaint specifically stated to plaintiff that his numerous lengthy assignments to segregation and previous history of thefts at his assigned work sites have affected his ability to obtain and retain a job. Thus, plaintiff's own complaint clearly supports that he has not been denied a job because of retaliation by defendants; rather, plaintiff has been denied the prison jobs for which he has applied based on legitimate reasons which are not retaliatory or discriminatory.

Plaintiff's allegations fail to set forth a retaliation claim on which relief could be granted. Plaintiff makes only conclusory allegations of retaliation, which are unsupported and/or contrary to the factual allegations made in his complaint. Such allegations are insufficient to state a claim of retaliation. Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (allegations of retaliation must be more than speculative and conclusory).

Because plaintiff's claims are being recommended dismissed for failure to state a claim, defendants' further basis for dismissal need not be addressed at this time.

IT IS, THEREFORE, RECOMMENDED that defendants' motion to dismiss be granted and plaintiff's claims be dismissed for failure to state a claim on which relief may be granted. [11] It is further

RECOMMENDED that plaintiff's motion for judgment on the pleadings be denied, without prejudice, as premature. [9]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 8th day of January, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge