# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

ERNEST SANDERS, Register No. 522166,        )

                     )

                Plaintiff,          )

                     )

             v.                )        No. 08-4058-CV-C-SOW

                     )

DAVE DORMIRE, et al.,           )

                     )

             Defendants.      )

## ORDER

On January 8, 2008, United States Magistrate Judge William A. Knox recommended that defendants' motion to dismiss be granted and plaintiff's claims be dismissed. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C). No exceptions have been filed. Although plaintiff has filed a request for an extension of time to file exceptions, there is no basis for granting his motion. Defendants' motion to dismiss was filed more than six months ago, giving plaintiff ample notice and opportunity to research and respond to the motion. Further, in consideration of plaintiff's incarceration status, he was granted an extension of time to respond, and was granted twenty days, instead of the standard ten. Finally, there is no basis for granting an extension when plaintiff's allegations, as set forth in his complaint, clearly fail to state a claim of retaliation. Despite alleging retaliation, plaintiff's complaint clearly does not support that he was retaliated against for filing grievances. Plaintiff's complaint, with supporting documents, specifically provides that he has been denied a prison job since 2003 because of previous thefts at his assigned work sites, and this cannot support a retaliation claim. See Goff v. Burton, 91 F.3d 1188 (8th Cir. 1996) (to prevail on retaliation claim that he was transferred in retaliation for the exercise of a constitutional right, a prisoner must prove that but for his legal actions against the prison, he would not have been transferred); Foster v. Delo, 130 F.3d 307 (8th Cir. 1997) (inmate must produce evidence that defendant's actions would not have occurred but for the motive or retaliation for inmate's filing of numerous lawsuits against prison officials);

Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 2001) ("[I]f the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail"). Further, plaintiff's claims of retaliation for filing grievances, alleged in his complaint, occurred prior to the filing of his first grievance on March 29, 2004.

A review of the record convinces the court that the recommendation of the Magistrate Judge is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of January 8, 2008, is adopted. [21] It is further

ORDERED that defendants' motion to dismiss is granted and plaintiff's claims are dismissed for failure to state a claim on which relief may be granted. [11] It is further

ORDERED that plaintiff's motion for judgment on the pleadings is denied as premature. [9] It is further

ORDERED that plaintiff's motions for an extension of time and appointment of counsel are denied. [23, 24]

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: February 17, 2009

2